**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LEVESTER PATTERSON, JR.

                Plaintiff,

v.                                                                                              CIVIL ACTION

                                                     No: 09-2131-JAR-GLR

DAVITA DIALYSIS,

                Defendant.

**ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (doc. 3). Plaintiff has filed an Employment Discrimination Complaint in which he asserts claims for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] and the Age Discrimination in Employment Act of 1967("ADEA").[2] He alleges that he was overlooked on his contracts with Defendant Davita Dialysis because they did not inform him personally about his termination. He received no complaints from the company and his contact states that the parties are to inform each other in writing if either party is making changes in the contract. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right-to-Sue letter, which he attached to his Complaint. The letter indicates that the EEOC closed the file on the charge based upon its finding of no employer-employee relationship.

---

[1] 42 U.S.c. §§ 2000e, *et seq*.

[2] 29 U.S.C. §§ 621, *et seq*.

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[3] The district court however, in its discretion, may appoint counsel for a plaintiff asserting claims under Title VII "in such circumstances as the court may deem just."[4] The court may also "request an attorney to any person unable to afford counsel" under the *in forma pauperis* statute.[5]

The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[6] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[7] In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[8] The discretion granted to the court in appointing counsel is extremely broad.[9]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so

---

[3] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[4] 42 U.S.C. § 2000e-5(f)(1).

[5] 28 U.S.C. § 1915(e).

[6] *Castner*, 979 F.2d at 1420.

[7] *Id.*

[8] *Id.*

[9] *Id.*

that willing counsel may be located without the need to make coercive appointments."[10] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[11]

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Based on the Court's review of the motion, along with the complaint and other pleadings filed in the case, the Court finds that Plaintiff has shown financial inability to pay for counsel and diligence in attempting to secure counsel. The Court, however, does not find Plaintiff's claims to have sufficient merit to warrant the appointment of counsel. The standard for merit in the context of motions for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1), however, is lower than the standard in motions for summary judgment.[12] Even given the lower standard for establishing merit, the Court finds that Plaintiff has failed to allege sufficient facts to establish a claim under Title VII or the ADEA. Specifically, he has not alleged an employer-employee relationship with the Defendant. The EEOC closed his charge based on its finding no such relationship. While the district court may not give preclusive effect to an EEOC finding that the evidence does not support a finding of discrimination, the EEOC's administrative finding is a "highly probative" factor to be considered.[13] Finally, the Court considers the fourth *Castner* factor, i.e., Plaintiff's capacity to present the case without counsel. Based on the Court's review of the pleadings filed by Plaintiff to date, the Court finds that

---

[10]*Id.* at 1421.

[11]*Id.*

[12]*Vera v. Utah Dep't of Human Servs., Youth Corr. Div.*, 203 F.3d 836, 2000 WL 130717, at *3 (10th Cir. Feb. 4, 2000) (citations omitted).

[13]*Castner,* 979 F.2d at 1422.

Plaintiff appears able to adequately communicate to the Court the pertinent facts giving rise to his claims. Plaintiff appears to have used the employment discrimination forms provided by this Court to assist him in preparing his Complaint. This case involves relatively uncomplicated facts and asserts claims against a single defendant. Given the liberal standards governing pro se litigants, if Plaintiff devotes sufficient efforts to presenting his case, he can do so adequately without the assistance of counsel. The Court therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

In addition to appointing counsel under Title VII, the Court may appoint counsel for Plaintiff under the *in forma pauperis* statute. While the factors a court considers for appointment of counsel under the *in forma pauperis* statute are not identical to the *Castner* factors for appointing counsel under Title VII, the factors are similar. In determining whether to appoint counsel under 28 U.S.C. § 1915(e), the Tenth Circuit has directed district courts to evaluate the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[14] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[15]

As stated above, the Court does not find Plaintiff's claims to have sufficient merit to warrant the appointment of counsel. It further finds that Plaintiff has sufficient ability to present his claims, the factual issues are relatively uncomplicated, and any legal issues raised therein

---

[14]*Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

[15]*Hill,* 393 F.3d at 1115.

are not complex. The Court therefore declines to appoint counsel for Plaintiff under 28 U.S.C. § 1915(e).

  IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (doc. 3) is denied.

  Dated in Kansas City, Kansas on this 31st day of March, 2009.

                <u>s/ Gerald L. Rushfelt</u>
                Gerald L. Rushfelt
                United States Magistrate Judge